

ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES (220051)
  helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
  alreenh@zhlaw.com
AARON M. OLSEN (259923)
  aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RAMIREZ, an Individual; and CHAD HEATH, an Individual, | Case No.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| v. | |
| TURFEVOLUTIONS, a California Corporation; and DOES 1-50, Inclusive. | |
| Defendants. | DEMAND FOR JURY TRIAL |

*ZELDES HAEGGQUIST & ECK, LLP*

Plaintiffs Raul Ramirez and Chad Heath ("Plaintiffs"), by their attorneys, bring this action on behalf of themselves against TurfEvolutions ("TurfEvolutions" or "Defendant") and DOES 1 through 50, inclusive. Plaintiffs make the following allegations upon information and belief (except those allegations as to the Plaintiffs or their attorneys, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## NATURE OF THE ACTION

1.    Plaintiffs were employees of TurfEvolutions, the self-proclaimed largest turf manufacturer and installer of artificial turf in the world, located in Fullerton, California. Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 USC §§201, *et seq.*, the California Labor Code (Labor Code), and Industrial Welfare Commission Wage Order No. 5-2001 ("Wage Order No. 5") by misclassifying Plaintiffs as independent contractors when they are, as a matter of law, employees.

2.    Defendant has intentionally misclassified Plaintiffs as independent contractors in order to deny them various benefits to which they are entitled as employees, including overtime compensation, other wage protections, and eligibility for various benefits, including, but not limited to, unemployment, family leave and workers' compensation. Plaintiffs seek to recover compensation for these violations, declaratory and injunctive relief and attorneys' fees and costs, as provided by law.

3.    Although TurfEvolutions has classified Plaintiffs as independent contractors, Plaintiffs are in fact employees, as they do not meet the definition of independent contractors as set forth in Labor Code §§2750.5 and 3353. Defendant required Plaintiffs to perform all the tasks required of employees and exercised control over the manner and means of Plaintiffs' work. The following

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

work characteristics illustrate that Plaintiffs were actually employees and were incorrectly categorized as independent contractors:

(a)    Plaintiffs performed services within TurfEvolutions' usual course of business, which is installing artificial turf to TurfEvolutions' customers, and did so under TurfEvolutions' specific direction.

(b)    TurfEvolutions found and arranged appointments with potential customers for Plaintiff, and required Plaintiffs to conduct installations pursuant to TurfEvolutions' schedule.

(c)    TurfEvolutions collected all funds when a sale was made and paid Plaintiffs from the fees collected.

(d)    TurfEvolutions supervised and otherwise controlled the quantity and quality of work performed by Plaintiffs.

(e)    TurfEvolutions provided Plaintiffs with the materials needed to install TurfEvolutions' artificial lawns, including providing business cards and identification badges, and directed how these materials were to be used.

(f)    TurfEvolutions provided Plaintiffs with training.

(g)    TurfEvolutions had a dress code and told Plaintiffs what to wear.

(h)    TurfEvolutions told Plaintiffs what hours to work and Plaintiffs could not change their hours without permission.

(i)    TurfEvolutions told Plaintiffs where to work and required Plaintiffs to clock in and out of its yard in Fullerton, California.

(j)    TurfEvolutions instructed Plaintiffs in how to do their work and dictated the performance of the details of their jobs.

(k)    TurfEvolutions required Plaintiffs to provide installation services exclusively for TurfEvolutions.

ZELDES HAEGGQUIST & ECK, LLP

1           (l)     Plaintiffs were not allowed to represent themselves to the

2 public as being in an independent business to install lawns, they did not have

3 business licenses, and they did not carry their own liability insurance.

4        4.     Due to Defendant's intentional misclassification, Defendant did not

5 pay Plaintiffs the correct wages required under the Labor Code and did not

6 comply with the FLSA and many Labor Code provisions created to protect

7 employees. These violations include, but are not limited to, the: failure to pay

8 Plaintiffs overtime premium wages for more than eight hours of work in one

9 workday or more than forty hours of work in one workweek; failure to provide

10 Plaintiffs with accurate wage statements; failure to timely pay Plaintiffs wages

11 owed to them after their departure; and the failure to maintain wage and

12 employment records required by the Labor Code and Wage Order No. 5,

13 including, without limitation, records showing days worked, hours worked,

14 regular rate of pay, overtime hours worked, and the hourly rate for each type of

15 work performed. Because Defendant intentionally misclassified Plaintiffs as

16 independent contractors, Defendant failed to provide Plaintiffs with statutorily-

17 mandated workers' compensation insurance, and unemployment and disability

18 insurance benefits. Due to the misclassification, Defendant also failed to pay its

19 portion of the Old Age, Survivor and Disability Insurance ("OASDI").

20        5.     In order to redress the harms suffered, Plaintiffs bring claims for: (1)

21 failure to pay overtime compensation in violation of Labor Code §§510, 1194, *et*

22 *seq.*; (2) violation of the FLSA, 29 USC §§201, *et seq.*; (3) failure to timely pay

23 wages due at termination in violation of Labor Code §§201, 202, 203; (3) failure

24 to provide accurate wage statements in violation of Labor Code §226; (4)

25 conversion; (5) violation of the Unfair Competition Law, California Business &

26 Professions Code ("Bus. & Prof. Code") §§17200, *et seq.*; (6) declaratory relief;

27 and (7) accounting.

28

ZELDES HAEGGQUIST & ECK, LLP

ZELDES HAEGGQUIST & ECK, LLP

1

**JURISDICTION AND VENUE**

2      6.     The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332

3 because a federal question jurisdiction arises here pursuant to 29 U.S.C. §§§201,

4 *et seq.* (the FLSA).

5      7.     The Central District of California has personal jurisdiction over the

6 parties in this matter. Plaintiffs are, and at all relevant times were, citizens of

7 Orange County, California. Defendant TurfEvolutions, a California Corporation,

8 operates in California and is registered with the California Secretary of State as a

9 corporation that does business within the State of California. Defendant is

10 qualified to do business in California, has employees who reside in California,

11 and has contracted with individuals in California for the promotion, sale,

12 marketing, and operation of its business renting furniture and selling used

13 furniture. Defendant has a mailing address at its Fullerton, California location,

14 where Plaintiffs were employed as installers. Additionally, Defendant has

15 marketed its services to customers throughout the state of California. Finally, the

16 acts and omissions which are outlined in this Complaint took place within in the

17 State of California.

18      8.     Venue is proper in this district under 28 U.S.C. §1391 because

19 Plaintiffs and Defendants are, and at all relevant times have been, subject to the

20 personal jurisdiction of this Court, and because a substantial part of the events or

21 omissions giving rise to Plaintiffs' claim occurred in this district.

22                          **THE PARTIES**

23                           **Plaintiffs**

24      9.     Plaintiff Raul Ramirez ("Ramirez") is an individual residing in

25 Orange County, California.  Ramirez was employed by Defendant as an installer

26 for TurfEvolutions from approximately June 2012 to June 2015 providing lawn

27 installation services.  During the time he performed these services for Defendant,

28 and by reason of not being treated as an employee, Ramirez was not properly

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

ZELDES HAEGGQUIST & ECK, LLP

1  compensated for overtime hours worked and was denied statutorily mandated

2  benefits.  Ramirez was an "employee" of TurfEvolutions within the meaning of

3  Labor Code §350(b).

4  10.  Plaintiff Chad Heath ("Heath") is an individual residing in Orange

5  County, California.  Heath was employed by Defendant as an installer for

6  TurfEvolutions from approximately January 2011 to July 2015 providing lawn

7  installation services.  During the time he performed these services for Defendant,

8  and by reason of not being treated as an employee, Heath was not properly

9  compensated for overtime hours worked and was denied statutorily mandated

10  benefits. Heath was an "employee" of TurfEvolutions within the meaning of

11  Labor Code §350(b).

12  **Defendants**

13  11.  Defendant TurfEvolutions is a California corporation with its

14  principal place of business in Orange, California.  TurfEvolutions is registered

15  with the California Secretary of State to do business in California.

16  TurfEvolutions is, and at all times mentioned herein was, Plaintiffs' "employer"

17  within the meaning of the FLSA and Labor Code §350(a).

18  12.  In doing the acts herein alleged, its employees, subcontractors, and

19  agents acted within the course and scope of his employment and agency with

20  Defendant TurfEvolutions.  Defendant TurfEvolutions engaged in the acts

21  alleged herein and/or condoned, permitted, authorized, and/or ratified the

22  conduct of its employees, subcontractors, and agents, and is vicariously liable for

23  the wrongful conduct of its employees, subcontractors, and agents alleged herein.

24  13.  Plaintiffs are unaware of the true names and legal capacities of the

25  DOE Defendants, and therefore sue those Defendants by these fictitious names.

26  Plaintiffs will seek leave of the Court to amend this Complaint to allege his true

27  names and capacities when ascertained. Plaintiffs are informed and believe, and

28

thereon allege that each DOE Defendant is in some way responsible for the acts, omissions and damages alleged in this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTIONS

14.     Defendant is engaged in the business of selling and installing artificial turf to customers in California and throughout the country. TurfEvolutions touts itself as "the premier artificial grass and golf landscape products manufacturer and supplier in the world."  It also claims that in 2011 TurfEvolutions "became the exclusive white label brand of Home Depot, America's largest home improvement retailer!"[1]

15.     Defendant employs lawn installers whom it improperly categorizes as "independent contractors" to install its artificial turf for its customers.

16.     Defendant's offices are located at 1818 E. Rosslyn Avenue, Fullerton, California in Orange County. Plaintiffs performed work out of TurfEvolutions' Fullerton yard, which is owned and controlled by Defendant. Plaintiffs clocked in and out for work at Defendant's Fullerton yard and were told where to go for their next jobs at that time.

17.     Defendant determined which customers turf was to be sold to, how much the lawns were to be sold for, and how the installer was to perform the installation.

18.     Plaintiffs went to and from TurfEvolutions jobs in Defendant's vehicles.  Plaintiffs worked on jobs throughout California, including as far away as San Francisco and at times even out of state in Nevada.  Although Plaintiffs would be required to work more than 15-hour shifts and, at times, even more than 24-hour shifts when traveling to places like San Francisco or Nevada, Plaintiffs were never paid overtime.

---

[1]    *See* https://www.turfevolutions.com (home page and about us pages).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

19.    Defendant supervised and controlled the quantity and quality of work performed by each installer.

20.    Defendant provided Plaintiffs with the materials needed to install Defendant's lawns directed how those materials were to be used.

21.    Defendant told Plaintiffs what clothing to wear (TurfEvolutions t-shirts).

22.    Defendant purported to classify Plaintiffs as independent contractors. However, these workers are in fact employees as they do not meet the definition of independent contractors as set forth in Labor Code §§2750.5 and 3353.

23.    The behavioral and financial control manifested over these workers by Defendant demonstrated that the workers were employees rather than independent contractors.

24.    Plaintiffs performed services within Defendant's usual course of business, which is to install artificial lawns for Defendant's customers, and did so under Defendant's specific direction.

25.    Defendant also instructed Plaintiffs in how to do their work and dictated the performance of the details of their jobs.

26.    Plaintiffs performed and were required by Defendant to provide installation-related services exclusively for Defendant.

27.    Plaintiffs did not represent themselves to the public as being in an independent business to install artificial turf.

28.    Because of Defendant's misclassification of Plaintiffs as independent contractors, Plaintiffs have not received the benefits and protections that inure from the employment relationship under law.  For example, Plaintiffs did not receive any overtime compensation and were not covered by workers' compensation insurance when they were injured on the job.

ZELDES HAEGGQUIST & ECK, LLP

## COUNT I
### Failure to Pay Overtime Compensation
### In Violation of Labor Code §§510, 1194, *et seq.*

29.     Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding and subsequent paragraphs.

30.     Labor Code §510(a) states, in pertinent part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee

31.     At all relevant times herein, Plaintiffs were entitled to payment of wages, including overtime compensation, for all time worked. Plaintiffs were entitled to wages equal to one and one-half times their regular rate of pay for all hours worked in excess of eight hours in one day, 40 hours in one week, and the first eight hours worked on the seventh day of work in any one workweek. Plaintiffs were also entitled to wages of no less than twice their regular rate of pay for all hours worked in excess of 12 hours in one day.  Plaintiffs routinely were required to perform tasks without overtime compensation at the applicable legal rate.

32.     Any employee receiving less than "the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of … overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Labor Code §1194(a).

33.     By its policy of requiring Plaintiffs to perform tasks without being compensated at the applicable overtime rate, Defendant violated the provisions of Labor Code §510, Wage Order No. 5, regulations, and statutes.

ZELDES HAEGGQUIST & ECK, LLP

1    34.    As a direct and legal result of Defendant's violation of the Labor

2   Code and applicable wage orders, Plaintiffs have been damaged in an amount to

3   be proven at trial.

4    35.    As a result of the unlawful acts of Defendant, and pursuant to Labor

5   Code §§1194 and 1199, Plaintiffs have been deprived of compensation in

6   amounts to be determined at trial, and are entitled to recover such amounts,

7   including interest thereon, and attorneys' fees and costs, and any other damages

8   as set forth under California law. Labor Code §§1194, 1194.3, and 1199.

9                                    **COUNT II**
                         **Violation of the Fair Labor Standards Act,**
10                              **29 U.S.C. §§201, *et seq*.**

11    36.    Plaintiffs re-allege and incorporate herein by reference each and

12   every allegation in the preceding and subsequent paragraphs.

13    37.    The FLSA regulates, among other things, the payment of overtime

14   pay by employers whose employees are engaged in commerce, or engaged in the

15   production of goods for commerce, or employed in an enterprise engaged in

16   commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

17    38.    Pursuant to the FLSA, Plaintiffs had the right to be paid minimum

18   wage for every hour of labor, plus the right to be paid one and a half times their

19   regular rate for all hours worked in excess of 40 during a week. 29 U.S.C.

20   §207(a). TurfEvolutions is, and at all relevant times was, subject to this

21   requirement to pay Plaintiffs one and a half times Plaintiffs' regular rate of pay

22   for all hours worked in a workweek in excess of forty hours.

23    39.    During their employment, TurfEvolutions routinely required

24   Plaintiffs to work more than forty hours per week. Plaintiffs were not properly

25   compensated by TurfEvolutions at the required premium rate for all hours

26   worked in excess of forty hours per week.

27    40.    Plaintiffs are informed and believe, and thereon allege, that the

28   failure of TurfEvolutions to fully compensate Plaintiffs for all hours worked and

ZELDES HAEGGQUIST & ECK, LLP

9

1  for overtime work was willful, purposeful, and unlawful and done in accordance
2  with the policies and practices of TurfEvolutions' operations.

3      41.    As a proximate cause of the aforementioned violates, Plaintiffs have
4  been damaged in an amount according to proof at time of trial.  Plaintiffs are
5  entitled to recover the unpaid balance of wages owed, penalties, plus interest,
6  reasonable attorneys' fees and costs of suit. 29 U.S.C. §216(b).

7  **COUNT III**<br>**Failure to Timely Pay Wages Due at Termination**<br>**In Violation of Labor Code §§201, 202, 203**
8

9      42.    Plaintiffs re-allege and incorporate herein by reference each and
10 every allegation in the preceding and subsequent paragraphs.

11     43.    Labor Code §§201 and 202 require Defendant to pay its employees
12 all wages due within 72 hours of termination of employment.  Labor Code §203
13 provides in pertinent part: "If an employer willfully fails to pay … in accordance
14 with Sections 201, 202 … any wages of an employee who is discharged or who
15 quits, the wages of the employee shall continue as a penalty from the due date
16 thereof at the same rate until paid … but the wages shall not continue for more
17 than 30 days."

18     44.    Defendant failed to pay Plaintiffs at the time of their discharge for
19 all wages earned and, to date, Plaintiffs have not received such owed
20 compensation.  More than 30 days have passed since the last day of Plaintiffs'
21 employment with Defendant.

22     45.    As a consequence of Defendant's willful conduct in not paying all
23 wages due on or within 72 hours of the last day of Plaintiffs' employment with
24 Defendant, Plaintiffs are entitled to 30 days' wages as a penalty under Labor
25 Code §203 for failure to pay legal overtime wages and is entitled to 30 days'
26 wages as a penalty under Labor Code §203 for failure to pay wages, together
27 with interest thereon and attorneys' fees and costs.

28

ZELDES HAEGGQUIST & ECK, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

**COUNT IV**
**Failure to Provide Accurate Wage Statements**
**In Violation of Labor Code §226**

3    46.    Plaintiffs re-allege and incorporate herein by reference each and

4    every allegation in the preceding and subsequent paragraphs.

5    47.    Labor Code §226(a) requires Defendant to itemize in wage

6    statements, *inter alia*, all deductions from payment of wages and to accurately

7    report total hours worked by Plaintiffs at the applicable legal rates.

8    48.    Defendant knowingly and intentionally failed to provide Plaintiffs

9    with true and accurate wage statements showing all hours worked and applicable

10    hourly rates in effect during the pay period and the corresponding number of

11    hours worked at each hourly rate by Plaintiffs, in violation of Labor Code

12    §226(a).

13    49.    Pursuant to Labor Code §226(e), Plaintiffs are entitled to penalties

14    in the amount of $50 for the initial pay period in which the violation occurred,

15    plus $100 for each violation in a subsequent pay period, up to an aggregate

16    penalty of $4,000. In addition, Plaintiffs are entitled to attorneys' fees and costs

17    in an amount to be proven at trial. Labor Code §226(h).

18
19

**COUNT V**
**Conversion**

20    50.    Plaintiffs re-allege and incorporate herein by reference each and

21    every allegation in the preceding and subsequent paragraphs.

22    51.    The Labor Code and other applicable law provide that wages

23    become the property of the employee on the next pay day after they are earned.

24    In failing to pay and retaining the wages owed to Plaintiffs after they were

25    earned, Defendant wrongfully exercised dominion and control over monies

26    otherwise owed to Plaintiffs. The amount of wages owed is capable of being

27    made certain.

28

ZELDES HAEGGQUIST & ECK, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

52.     As a direct and legal result of Defendant's actions, Plaintiffs have been damaged in amounts to be proven at trial.

53.     Defendant's conduct, in converting the pay owed to Plaintiffs pursuant to corporate practices and policies that Defendant knew violated applicable law, was willful, malicious, oppressive and done with conscious disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages.

**COUNT VI**
**Violations of the Unfair Competition Law,**
**Bus. & Prof. Code §§17200, *et seq.***

54.     Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding and subsequent paragraphs.

55.     Defendants are "person[s]" as defined under Bus. & Prof. Code §17021.

56.     Each of the directors, officers, and/or agents of Defendants is equally responsible for the acts of the others as set forth in Bus. & Prof. Code §17095.

57.     Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §§17200, *et seq.*   The actions of Defendants as alleged within this complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

58.     As described above, Defendant has conducted the following unlawful activities:

(a)     violation of the FLSA and Labor Code §§510 and 1194, by failing to pay Plaintiffs overtime compensation owed;

(b)     violation of Labor Code §§201-203, by failing to pay Plaintiffs all wages earned and unpaid at the time of Plaintiffs' discharge from employment by Defendant;

(c)     violation of Labor Code §226, by failing to provide Plaintiffs with accurate wage statements;

ZELDES HAEGGQUIST & ECK, LLP

(d)    violation of Labor Code §§204 and 1199, by requiring Plaintiffs to work long hours without paying them timely at the appropriate legal rate; and

(e)    Violation of Labor Code §1174, by failing to keep accurate payroll records.

59.    Defendant's activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq*., because Defendant's practice violate the above-noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs and others. Defendant did not pay Plaintiffs' overtime wages and/or pay tax contributions on accrued straight time and overtime compensation and other wages in the form of FICA, Social Security, Medicare, and Unemployment Insurance.

60.    The identified violations of the FLSA, Wage Order No. 5, and the Labor Code constitute business practices because they were done repeatedly over a period of time, and in a systematic manner to the detriment of Plaintiffs.

61.    As a result of Defendant's violations of the FLSA and Labor Code and other identified laws, Plaintiffs have suffered injury-in-fact and have lost money or property as a result of Defendant's practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the FLSA and Labor Code as detailed in this Complaint and other resulting harms. Plaintiffs are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law.

62.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiffs are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendant to cease

1    and desist from engaging in the practices described herein for the maximum time

2    permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

3         63.    The unlawful and unfair conduct alleged herein is continuing, and

4    there is no indication that Defendant will refrain from such activity in the future.

5    Plaintiffs believe and allege that if Defendant is not enjoined from the conduct

6    set forth in this Complaint, it will continue to violate California's labor laws.

7    Plaintiffs further request that the court issue a preliminary and permanent

8    injunction.

9         64.    Plaintiffs are also entitled to and hereby claim attorneys' fees and

10   costs, pursuant to the private attorney general theory doctrine (Code of Civil

11   Procedure §1021.5), and any other applicable provision for attorney fees and

12   costs, based upon the violation of the underlying public policies.

**COUNT VII**
**Declaratory Relief**

13

14        65.    Plaintiffs re-allege and incorporate herein by reference each and

15   every allegation in the preceding and subsequent paragraphs.

16        66.    An actual controversy has arisen and exists between Plaintiffs on the

17   one hand and Defendant on the other hand, including, but not limited to, the

18   following controverted issues:

19        (a)    Whether Defendant willfully and unlawfully failed to pay

20   wages and overtime compensation to the Plaintiffs, and, if so, in what amount

21   Plaintiffs were entitled to be paid, and the amount and appropriateness of the

22   payment by Defendant of tax contributions on the accrued overtime

23   compensation in the form of FICA, Social Security, Medicare, Unemployment

24   Insurance or other appropriate payments;

25        (b)    Whether Defendant willfully and unlawfully failed to

26   promptly pay Plaintiffs wages which were owed at the time of their termination

27

28

ZELDES HAEGGQUIST & ECK, LLP

14

of employment with Defendant, and if so, in what amount Plaintiffs were entitled to be paid as penalties pursuant to Labor Code §203;

(c)    Whether Defendant is liable to pay penalties under Labor Code §558 and in what amounts; and

(d)    What amounts of pre-judgment interest Plaintiffs are entitled to receive from Defendant.

67.    Plaintiffs seek adjudication and a declaration of their rights on the foregoing issues.

68.    Further, Plaintiffs seek entry of declaratory judgment in their favor which declares the practices of Defendant as herein alleged to be unlawful, and for this court to make such orders as provide for recovery of all sums determined by this court to be owed to Plaintiffs by Defendant, or for other appropriate and just relief.

**COUNT VIII**
**Accounting**

69.    Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding and subsequent paragraphs.

70.    As herein alleged, Plaintiffs are owed wages, penalties, interest and restitution by Defendant.

71.    Plaintiffs do not know the exact amount of wages, penalties, interest and restitution due to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendant possesses records from which the amounts of wages, penalties, interest and restitution due may be determined, and an accounting of the books and records of Defendant is required.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs seek judgment as follows:

A.    That Defendant be ordered to pay and judgment be entered for overtime wages according to proof at trial;

B.    That Defendant be ordered to pay and judgment be entered for all allowable penalties under the Labor Code including, without limitation, Labor Code §§203 and 558 penalties, according to proof at trial;

C.    That Defendant be found to have engaged in unlawful and unfair competition in violation of Business & Professions Code §§17200, *et seq.*;

D.    That Defendant be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful and unfair business practices, including the wrongful withholding of wages according to proof, and interest thereon pursuant to Business & Professions Code §§17203 and 17204;

E.    For a declaratory judgment;

F.    For preliminary and permanent injunctive relief, including the payment by Defendant of tax contributions on the accrued straight and overtime compensation in the form of FICA, Social Security, Medical, Unemployment Insurance or other appropriate payments;

G.    That Plaintiffs be awarded attorneys' fees and costs pursuant to statute, including, but not limited to, the FLSA, Labor Code §§218.5, 226(e)(1), 1194, 1194.3, and Code of Civil Procedure §1021.5;

H.    For an accounting of Defendant's books and records;

I.    Pre-judgment interest; and

J.    Any other relief this Court deems proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 3, 2015      ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN


By:     s/Helen I. Zeldes
         HELEN I. ZELDES

ZELDES HAEGGQUIST & ECK, LLP

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

Attorneys for Plaintiffs

ZELDES HAEGGQUIST & ECK, LLP